# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Tammie Joy Clark,

      Debtor.

Chapter 7
Case No. 26-41512-MAR
Honorable Mark A. Randon

_____/

## MOTION FOR LEAVE TO EXTEND THE TIME TO OBJECT TO DISCHARGE AND FOR LEAVE TO FILE A TARDY OR DELAYED COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE

NOW COME Creditors David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant ("Creditors"), by and through counsel, Cohen, Lerner & Rabinovitz, P.C. and for their Motion for Leave to Extend the Time to Object to Discharge and for Leave to File a Tardy or Delayed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge, state as follows:

1.     The above individuals are all Creditors of Tammie Joy Clark, who has applied for a Chapter 7 bankruptcy and a discharge.

2.     The Court entered an Order extending the time for filing an Adversary Complaint at Docket No. 16. However, the Order on its face appears to extend the

time for filing such a Complaint until June 10, 2026 only for the U.S. bankruptcy trustee.

3. All of the Creditors here except for David and Mary Kassa, received original notice of the bankruptcy filing.

4. In the case of David and Mary Kassa, the Debtor amended her pleadings to include them as creditors on April 6, 2026.

5. The Creditors have only recently compared information and determined a more than adequate basis to challenge the discharge here.

6. Upon information and belief, there is a current State Police investigation regarding the conduct of the Debtor.

7. A copy of the proposed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge is attached hereto as **Exhibit 6** to this Motion.

8. A grant of an extension of time for these Creditors will not harm the Debtor inasmuch as the U.S. Trustee, himself, still has the right to file such an action on or before June 10, 2026.

9. On June 4, 2026 concurrence was sought from Ernest M. Hassan, counsel for Debtor, and the concurrence was denied, necessitating the filing of this Motion.

2

WHEREFORE, Creditors David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant pray this Honorable Court enter an Order Extending the Time for filing an Adversary Proceedings as against the Debtor on their behalf, and allow the Complaint attached to this Motion to be filed, pursuant to the proposed Order attached as **Exhibit 1**.

Additionally, Creditors David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant pray this Honorable Court enter such other and further relief as justice and equity shall require.

Respectfully Submitted,

*/s/ Aaron E. Silvenis*
COHEN, LERNER & RABINOVITZ, P.C.
By:   Steven Z. Cohen  (P29344)
       Aaron E. Silvenis  (P75889)
Attorney for Creditors
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax

Dated: June 8, 2026

# EXHIBIT 1 - PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Tammie Joy Clark,

     Debtor.                                Chapter 7
                                                Case No. 26-41512-MAR
                                                Honorable Mark A. Randon

_____/

## ORDER GRANTING CREDITORS' MOTION FOR LEAVE TO EXTEND THE TIME TO OBJECT TO DISCHARGE AND FOR LEAVE TO FILE A TARDY OR DELAYED COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE

At a session of said Court
held in the United States Bankruptcy Court,
for the Eastern District of Michigan
in the City of Detroit, County of Wayne, State of Michigan on

_____.

     PRESENT:_____

U.S. BANKRUPTCY COURT JUDGE

This matter having come before the Court upon the Motion of Creditors, David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant, said Motion having been served upon the parties, no response was filed within the required time period, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that Creditors' Motion for Leave to Extend the Time to Object to Discharge and for Leave to File a Tardy or Delayed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge is hereby granted.

IT IS FURTHER ORDERED that Creditor's Adversary Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge shall be filed within seven (7) days from entry of this Order.

U.S. BANKRUPTCY COURT JUDGE

# EXHIBIT 2 – NOTICE TO RESPONDENT

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)

In Re:

Tammie Joy Clark,           Chapter 7
                                      Case No. 26-41512-MAR

        Debtor.                Honorable Mark A. Randon

_____/

## <u>NOTICE TO RESPONDENT FOR CREDITORS' MOTION FOR LEAVE TO EXTEND THE TIME TO OBJECT TO DISCHARGE AND FOR LEAVE TO FILE A TARDY OR DELAYED COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE</u>

Creditors, David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant have filed papers with the Court, a Motion for Leave to Extend the Time to Object to Discharge and for Leave to File a Tardy or Delayed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within fourteen (14) days, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at: United States Bankruptcy Court, 211 West Fort Street, Detroit, Michigan 48226.

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy to:

Steven Z. Cohen, Esq., Cohen, Lerner & Rabinovitz, P.C., 26862 Woodward Ave., Suite 200, Royal Oak, Michigan 48067;

Ernest M. Hassan, Esq., Stevenson & Bullock, PLC, 26100 American Drive, Suite 500, Southfield, MI  48034;

2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the Relief sought in the Motion and may enter an order granting that Relief.

Respectfully submitted,

 /s/   Aaron E. Silvenis
COHEN, LERNER & RABINOVITZ, P.C.
By:    Steven Z. Cohen  (P29344)
          Aaron E. Silvenis  (P75889)
Attorney for Creditors
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax

Dated:  June 8,  2026

**EXHIBIT 3 – BRIEF IN SUPPORT OF MOTION**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)**

In Re:

Tammie Joy Clark,

    Debtor.                                 Chapter 7
                                              Case No. 26-41512-MAR
                                              Honorable Mark A. Randon

_____/

**<u>BRIEF IN SUPPORT OF CREDITORS' MOTION FOR LEAVE TO
EXTEND THE TIME TO OBJECT TO DISCHARGE AND FOR LEAVE TO
FILE A TARDY OR DELAYED COMPLAINT TO DETERMINE NON-
DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE</u>**

NOW COME Creditors, David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant ("Creditors") by and through their attorneys, Cohen, Lerner & Rabinovitz, P.C. and for their Brief in Support of Motion for Leave to Extend the Time to Object to Discharge and for Leave to File a Tardy or Delayed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge, state as follows:

Rule 4004(a) provides as follows:

In a Chapter 7 case, a complaint - or a motion under §727(a)(8) or (9) - objecting to a discharge must be filed within 60 days after the first date set for the meeting of creditors under §341(a).

Rule 4004(b) concerns extensions of time.  Subparagraph (b)(1) provides:

"On motion of any party in interest, after notice and hearing, the court may for cause extend the time to object to discharge.  Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired."

Rule 4004(b)(2) provides:

"A motion to extend the time to object to discharge may filed after the time for objection has expired and before discharge is granted if (A) the objection is based on facts that, if learned after the discharge, would provide a basis for revocation under §727(d) of the code, and (B) the movant did not have knowledge of those facts in time to permit an objection.  The motion shall be filed promptly after the movant discovers the facts on which the objection is based."

Rule 4007 permits a debtor or any creditor to file a complaint to obtain a determination of the dischargeability of any debt.  Subparagraph (c) provides:

"Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than sixty days after the first date set for the meeting of creditors under §341(a).  The court shall give all creditors no less than thirty days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may, for cause, extend the time fixed under this subdivision.  The motion shall be filed before the time has expired."

Here, all of the proposed Plaintiffs in the adversary complaint that is being proposed were listed on the original matrix filed by the Debtor with the exception of David and Mary Kassa.  David and Mary Kassa were not added as creditors by the

Debtor until a filing on April 6, 2026. The 341 hearing took place before they received notice of the bankruptcy itself.

Further, the U.S. Trustee applied to the Court for an extension of time to enlarge the time period for it being able to object to the discharge of the Debtor which deadline does not expire until June 10, 2026. The original deadline set by the Court was May 11, 2026.

It was only after the Creditors began contacting each other based on the new list of creditors that information concerning the substantial fraud that had been committed against them was discovered.

No harm will befall the Debtor by an extension of time here to allow the Creditors to object to the discharge and file their adversary complaint since the time period for the U.S. Trustee to object has not yet expired. The moving parties have met their burden pursuant to Rule 4004 as set forward herein.

**WHEREFORE,** Creditors David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant pray this Honorable Court enter an Order Extending the Time to object to the discharge of the Debtor and permit them to file an Adversary Proceeding as against the Debtor, and allow the Complaint attached to this Motion to be filed, pursuant to the proposed Order attached as **Exhibit 1.**

Additionally, Creditors David Kassa, Mary Kassa, Tom Piros a/k/a Tom Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and Connie Masserant pray this Honorable Court enter such other and further relief as justice and equity shall require.

Respectfully submitted,

/s/   Aaron E. Silvenis
COHEN, LERNER & RABINOVITZ, P.C.
By:    Steven Z. Cohen  (P29344)
       Aaron E. Silvenis  (P75889)
Attorney for Creditors
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax

Dated:  June 8,  2026

# EXHIBIT 4 – PROOF OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN (DETROIT)**

In Re:

Tammie Joy Clark,

    Debtor.                           Chapter 7
                                         Case No. 26-41512-MAR
                                         Honorable Mark A. Randon

_____/

**<u>PROOF OF SERVICE</u>**

       Aaron E. Silvenis certifies that on the 8th day of June, 2026, he served a copy of Creditors' Motion for Leave to Extend the Time to Object to Discharge and for Leave to File a Tardy or Delayed Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge via counsel and parties of Record using the ECF system and mailing a copy of the pleadings to Tammie Joy Clark by first class mail with appropriate postage.

                                        Respectfully submitted,

                                        */s/ Aaron E. Silvenis*_____
                                        COHEN, LERNER & RABINOVITZ, P.C.
                                        By:   Steven Z. Cohen  (P29344)
                                              Aaron E. Silvenis  (P75889)
                                        Attorney for Creditors
                                        26862 Woodward Avenue, Suite 200
                                        Royal Oak, MI 48067
                                        (248) 691-2200/(248) 691-2214 Fax

Dated:  June 8,  2026

**EXHIBIT 6 – DOCUMENTARY EXHIBITS**

In Re:

Tammie Joy Clark,                        Chapter 7
                                         Case No. 26-41512-MAR
        Debtor.                          Honorable Mark A. Randon

---

DAVID KASSA, MARY KASSA,
TOM PIROS a/k/a TOM CROCK, ERICA CROCK,
EMMA DeHERDER, WILLIAM DeHERDER,
LYLE MASSERANT, CONNIE MASSERANT,

        Plaintiffs,
vs.                                      Adversary Number:

TAMMIE JOY CLARK,

        Defendant

---

COHEN, LERNER & RABINOVITZ, P.C.
By:   Steven Z. Cohen  (P29344)
      Aaron E. Silvenis  (P75889)
Attorney for Plaintiffs
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax
*eileen.dehring@cohenlerner.com*

---

## <u>COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE</u>

NOW COME the Plaintiffs, David Kassa, Mary Kassa, Tom Piros a/k/a Tom

Crock, Erica Crock, Emma DeHerder, William DeHerder, Lyle Masserant and

Connie Masserant, and for their Complaint to Determine Non-Dischargeability of Debts and to Deny Discharge against Defendant, TAMMIE JOY CLARK, state as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiffs David Kassa and Mary Kassa are individuals residing in the Eastern District of Michigan.

2.     Plaintiffs Tom Piros a/k/a Tom Crock and Erica Crock are individuals residing in the Eastern District of Michigan.

3.     Plaintiffs Emma DeHerder and William DeHerder are individuals residing in the Eastern District of Michigan.

4.     Plaintiffs Lyle Masserant and Connie Masserant are individuals residing in the Eastern District of Michigan.

5.     Defendant, Tammie Joy Clark ("Debtor" and/or "Defendant") is an individual who conducted business in and resided previously in the Eastern District of Michigan at all relevant times.

6.     On February 13, 2026 ("Petition Date"), Defendant Clark commenced a Chapter 7 bankruptcy case in this judicial district.

7. Jurisdiction lies pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 523 and 727. This is an Adversary Proceeding pursuant to Fed. R. Bankr. P. 7001(4) and (6) and a core proceeding pursuant to 28 U.S.C. § 157.

8. Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

9. This Adversary Proceeding seeks relief pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), 523(a)(6), 727(a)(3), 727(a)(4)(A), and 727(a)(5).

## COMMON ALLEGATIONS

*The Parties and Business Operations*

10. Plaintiffs incorporate all allegations in the preceding paragraphs.

11. At all relevant times, Defendant oversaw and/or managed and/or owned a business originally located in Ann Arbor, Michigan, known by a variety of corporate names. Defendant, Tammie Clark, individually and/or as a partner with her husband, Robert C. Clark, operated businesses known as Four Seasons Sunrooms of Ann Arbor, LLC and/or Ann Arbor Sunrooms Kitchen & Bath.

12. Based upon filing with the State of Michigan and its Department of Licensing and Regulation, the Defendant Clark listed the origination of a company as being located on Jackson Road in Ann Arbor, Michigan. The Defendant also listed herself as the Chief Operating Officer of the company. In later filings with the

3

State of Michigan, the Defendant listed Robert C. Clark as a member of the entity as recently as October 20, 2022.

13. Upon information and belief, the Defendant carried out the management, part ownership and operation of the business with her husband, Robert C. Clark in her personal capacity, as well as through two limited liability companies which she either owned completely or controlled.

14. In her bankruptcy Petition, the Defendant has verified that she does not have any business operations or any substantial assets.

15. With respect to the Kassa Plaintiffs the Defendant and/or her husband, Robert C. Clark approached David and Jeanea Kassa with respect to a contract dated July 17, 2024. The contract required the Kassas to pay $114,927 in exchange for the Defendant and/or her husband and/or a business entity owned and/or controlled by her known as Ann Arbor Sunrooms Kitchen & Bath, exchange for the creation of an extra room to their home. A copy of the contract is attached hereto as **Exhibit A**.

16. At the time of the writing of the contract, the Defendant did not advise either Mr. or Mrs. Kassa that Robert C. Clark was not capable of performing the job, or that he suffered from any physical difficulties.

4

17. Currently, based upon information and belief, the Defendant now claims that Robert C. Clark, her husband, has long suffered from dementia and cannot perform the contract work.

18. The Kassas made a $31,000.00 deposit pursuant to the contract and then paid a total of $99,979.67.

19. The Defendant and/or her husband and/or her business never completed the project in any respect.

20. When the Kassas were informed by the Defendant herself, that there were difficulties in completing the project, the Plaintiffs then contacted the national organization known as Four Seasons Solar Products, LLC located in New York State.

21. Upon information and belief, that company manufactures the products that were being sold by the Defendant and her husband and/or their business. The Kassa Plaintiffs have now been advised by a new "dealer" for Four Seasons products that it will cost an additional $86,000.00 to finish the room. A second estimate was received for $107,000.00.

22. During the course of the Kassas dealings with Ms. Clark herself, they had arranged for the national organization to provide them with the sunroom equipment, in an attempt to mitigate their damages.

5

23. Regrettably, the national organization sent the sunroom product to Ms. Clark, who then failed to turn over the entirety of the products to the Kassas. Ms. Clark indicated that absent further payment to her and/or her husband from the Kassas, she would retain critical materials so they could not proceed with the completion of the project, irrespective of their already substantial losses.

24. With respect to Plaintiffs Emma and William DeHerder, they also entered into a contract with Tammie Joy Clark and/or her business entity to construct a sunroom addition to their home. Pursuant to a bid for the services received from Ms. Clark, they forwarded $57,000.00 to Ms. Clark, either individually and/or to one of her business entities. A copy of some of the checks forwarded by Mr. and Mrs. DeHerder are attached hereto as **Exhibit B**. The DeHerders received no benefit from the $57,000.00 that they forwarded to Ms. Clark. As is evidenced in a filing by the Defendant/Debtor, she listed the debt to Mr. and Mrs. DeHerder as "potential personal liability for business debt".

25. At no time did Ms. Clark advise the DeHerders that Mr. Clark was either ill or incapable of performing the work. Like the Kassas, had they known that such work wasn't being done or that she and her husband had no ability to perform the contract, they would never have forwarded monies to them or sign their contracts.

26. Indeed, the DeHerder's contract with the Clarks and/or their company was signed on June 9, 2025. See **Exhibit C**.

6

27.     Yet, Ms. Clark's testimony at the 341 Meeting on February 13, 2026 is that Ann Arbor Sunrooms, LLC closed in November, 2024.

28.     On January 16, 2026, Defendant wrote to the DeHerder Plaintiffs that Mr. Clark was purportedly in a car accident months before and now had "dementia." See **Exhibit D.**

29.     With respect to Plaintiffs Lyle and Connie Masserant, the same scenario existed inasmuch as Mr. and Mrs. Masserant entered into a contract with the Defendant and/or her business entity and/or her husband and/or the national company that provided the equipment for the sunroom known as "Four Seasons."

30.     Pursuant to the agreement entered into between the Masserants and the Defendant, they forwarded $50,000.00.  See **Exhibit E**.  The Masserants did not receive any benefit from their payment and are owed that money pursuant to the fraud perpetrated by the Defendant and/or her husband.

31.     With respect to Plaintiffs Tom Piros a/k/a Tom Crock and Erica Crock, they entered into a contract with the Defendant to provide them with the installation of a sunroom with the materials being provided by Four Seasons, the company out of New York State.  The Plaintiffs paid the Defendant the total sum of $70,000.00. See **Exhibit F.**

7

32. The Defendant took the money and did not perform the work required leaving Plaintiffs Crock with a project that was not completed. The damages to Plaintiff Piros are now at least $125,000.00.

33. Again, had any of the Plaintiffs been advised by the Defendant that she, her husband or her company could not perform the tasks for which they contracted or that Mr. Clark was ill or was *non compos mentis* as is now suggested, they would never have entered into the contracts with the Defendant.

34. Upon information and belief, this is not the first time that Defendant Clark and/or her husband have engaged into fraudulent conduct. Upon information and belief, just discovered, a former employee is prepared to testify that Tammie Joy Clark has perpetrated fraudulent arrangements on others in the past.

35. During all times, after each of the Plaintiffs entered into a contract, the Defendant herself reassured them that she and/or her husband would have employees continue the installation of the sunrooms at their homes.

36. The Kassa Plaintiffs were only recently listed as creditors pursuant to an amendment to the creditor list which took place on April 6, 2026.

37. Accordingly, the Plaintiffs have not had an opportunity to seek the Court's intervention to conduct a Rule 2004 Examination. However, upon information and belief, such an examination would provide further basis to challenge

8

the discharge of the debtor in this matter based on what are believed to be false statements in her bankruptcy petition. It is also possible that the records of the business and/or the records of Mr. and Mrs. Clark's personal bank accounts will reveal critical information. Because the Kassa Plaintiffs and the other Plaintiffs were not involved in the bankruptcy proceeding until this filing, they have no way to make specific allegations regarding the false statements in the Debtor's Petition but will amend this Complaint upon moving forward with this claim.

<u>**COUNT I**</u>
**NON-DISCHARGEABILITY OF DEBT ARISING FROM FRAUD UNDER 11 U.S.C. § 523(a)(2)**

38. Plaintiffs repeat and reallege each allegation in this Complaint.

39. 11 U.S.C. § 523(a)(2)(A) provides that a discharge under section 727 does not discharge an individual debtor from any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

40. The Defendant made materially false representations to Plaintiffs, including:

    (a) That the Monies would be used for business operations and to make sure that the construction of a new sunroom addition to each of the Plaintiffs' homes would be carried forward in accordance with the contracts;

9

(b) That she and her husband and their business were capable of performing the transactions even though she knew or should have known, that her husband was physically incapable of doing the work that was required;

(c) She indicated that she would provide products and/or pay for workmen and/or product installation by using the monies that Plaintiffs had forwarded to her individually and to her business. Instead, upon information and belief, the Defendant put the monies provided by the Plaintiffs into her own pocket and disseminated the money for personal use; and

(d) The Defendant presented false pretenses upon which to obtain contract signatures from each of the Plaintiffs.

41. Defendant used the proceeds from the Plaintiffs for her own benefit and personal lifestyle expenses.

42. Defendant knew that the representations she made to the Plaintiffs were false when they were made or she made them with gross recklessness as to their truth.

43. Defendant made her misrepresentations with the intent and purpose of deceiving the Plaintiffs to induce them to sign contracts and provide monies to her.

44. The Plaintiffs and each of them justifiably relied on Defendant's representations and, by engaging in such misleading conduct, Defendant fraudulently obtained the proceeds.

45. Plaintiffs have been damaged by Defendant's materially false statements.

10

46. Accordingly, Defendant's liability to Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest are not dischargeable, and award such further relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

## COUNT II
### NON-DISCHARGEABILITY BASED ON FRAUD OR DEFALCATION IN A FIDUCIARY CAPACITY, EMBEZZLEMENT, OR LARCENY UNDER 11 U.S.C. § 523(a)(4)

47. Plaintiffs repeat and reallege each allegation in this Complaint.

48. 11 U.S.C. § 523(a)(4) provides that a discharge under section 727 does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny."

49. When the Defendant directed the Plaintiffs, and each of them, to send monies to her or her husband's bank account directly, and not her business, despite her promises that the monies would be used exclusively in connection with the building of the additions to Plaintiffs' homes, she knew that her statements were untrue. The Defendant also knew that her representations created an express trust

11

over the funds, requiring the Defendant to apply them for the specific purposes that were described to the Plaintiffs.

50. The Defendant accepted the funds subject to this trust restriction, then, upon and belief, fraudulently converted them to her personal use.

51. Alternatively, the property belonging to the Plaintiffs in the amounts pled herein, were lawfully entrusted to the Defendant for specific purposes with the understanding that Plaintiffs were to receive the benefit of the bargain described by the Defendant and that the work on their homes would be taken care of because of the payments they had made. Instead, Defendant fraudulently appropriated those funds for her personal use without the knowledge of the Plaintiffs, and each of them, or consent, and in contravention of the agreements among the parties, constituting embezzlement.

52. As the majority owner of the Ann Arbor Sunrooms Kitchen & Bath and/or Four Seasons Sunrooms of Ann Arbor, LLC, Defendant is personally liable for the tortious and wrongful conduct described herein.

53. Defendant caused the monies of the Plaintiffs to be diverted to her for her personal use. Defendant's conduct in converting or embezzling the funds constitutes fraud or defalcation while acting in a fiduciary capacity, or alternatively, embezzlement.

12

54. Accordingly, Defendant's liability to the Plaintiffs is non-dischargeable under 11 U.S.C. § 523(a)(4).

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest, are not dischargeable, and award such further and other relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

### <u>COUNT III</u>
### <u>WILLFUL AND MALICIOUS INJURY UNDER 11 U.S.C. § 523(a)(6)</u>

55. Plaintiffs repeat and reallege each allegation in this Complaint.

56. 11 U.S.C. § 523(a)(6) provides that a discharge under section 727 does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

57. Upon information and belief, Defendant was a managing member with complete control of Ann Arbor Sunrooms Kitchen & Bath and is therefore personally liable for the tortious and wrongful conduct described herein.

58. Defendant used her position to divert company property and embezzle the proceeds of the payments made by the Plaintiffs.

59. The Defendant knew, with substantial certainty, that her conversion of the monies from the Plaintiffs and her failure to grant the promised construction and

13

equipment, would cause financial injuries to the Plaintiffs, and each of them. Defendant's deliberate decision to divert her monies to her own account as opposed to her business account, demonstrates her intentional conduct to prefer herself over the Plaintiffs and cause Plaintiffs direct financial harm.

60. Defendant's deliberate use of the monies provided by the Plaintiffs while allocating nothing for the construction obligations that were promised by her individually and as a representative of the business, demonstrate a willful intent to injure the Plaintiffs.

61. Through her willful actions to convert and embezzle the monies obtained from the Plaintiffs, Defendant intended to injure the Plaintiffs and in fact did injure the Plaintiffs.

62. Accordingly, Defendant's liability is non-dischargeable under 11 U.S.C. § 523(a)(6).

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest, are not dischargeable, and award such further and other relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

14

## COUNT IV
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

63. Plaintiffs repeat and reallege each allegation in this Complaint.

64. 11 U.S.C. § 727(a)(3) provides that the court shall grant the Defendant a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

65. Upon information and belief, Defendant is unable to account for the disposition of all the funds she received from the Plaintiffs and other monies that she was entrusted to oversee.

66. Although a Rule 2004 Examination has not been conducted with respect to the issues raised by the Plaintiffs herein, it is expected that the Defendant will testify that she did not maintain the business records of her companies or her own bank account records with respect to where payments were made by the Plaintiffs and monies were sent by the Defendant.

67. Despite this, what is now an alleged theft of critical business documents, the Defendant has not, upon information and belief, filed a police report or taken any actions to recover the business records.

15

68. Upon information and belief, the Defendant has not provided bank statements, accounting records, and business ledgers for her and her husband's business and/or for her and her husband, to indicate the precise use of monies going in and out of their accounts that at one time belonged to the Plaintiffs.

69. Defendant has concealed, destroyed, and/or failed to keep or preserve recorded information from which Defendant's financial condition or business transactions might be ascertained.

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest, are not dischargeable, and award such further and other relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

<u>**COUNT V**</u>
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)(A)**

70. Plaintiffs repeat and reallege each allegation in this Complaint.

71. 11 U.S.C. § 727(a)(4)(A) provides that the court shall grant the debtor a discharge unless "the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

72. Upon information and belief, the Defendant has made false oaths in connection with her bankruptcy case which include but are not limited to, the

16

concept that monies that she received from the Plaintiffs were used for her business as opposed to herself and that her underlying relationships with Plaintiffs were based on fraudulent representations that she made.

73. In addition, upon information and belief, Defendant has misrepresented the true nature and extent of her expenditures and may, upon further proofs, have diverted the funds paid by the Plaintiffs to her to yet another entity and/or to third parties.

74. These knowing and fraudulent misrepresentations constitute false oaths made with the intent to deceive the Court and creditors.

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest, are not dischargeable, and award such further and other relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

**COUNT VI**
**DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)**

75. Plaintiffs repeat and reallege each allegation in this Complaint.

76. 11 U.S.C. § 727(a)(5) provides that the court shall grant the Defendant a discharge unless "the debtor has failed to explain satisfactorily, before

17

determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

77. Defendant in this case has made no effort to explain satisfactorily the loss or disposition of the funds that belong to the Plaintiffs including those funds that were directed by the Plaintiffs through the Defendant herself at her direction.

78. Defendant's inability to explain the disposition of the monies received here from the Plaintiffs, warrants denial of discharge.

**WHEREFORE**, Plaintiffs, and each of them, pray that this Court determine that Plaintiffs' claims in the amounts stated above, plus interest, are not dischargeable, and award such further and other relief as may be appropriate, including a judgment for direct, consequential, and exemplary damages, together with costs and attorney fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, and each of them, respectfully request that this Court:

A. Determine that Plaintiffs' claims as outlined within this Complaint, plus interest, is excepted from discharge pursuant to 11 U.S.C. §§ 523(a)(2), 523(a)(4), and/or 523(a)(6);

B. Deny Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(3), 727(a)(4)(A), and/or 727(a)(5);

18

C.   Enter judgment in favor of Plaintiffs, and each of them, against the Defendant for all amounts due including the actual amounts paid and received by the Defendant and/or her husband and/or her business as well as interest thereon and any applicable penalties;

D.   Award Plaintiffs direct, consequential, or other exemplary damages;

E.   Award Plaintiffs  their costs and attorney fees incurred in this action; and

F.   Grant such other and further relief as the Court deems just and appropriate.

**Respectfully submitted,**

*PROPOSED*

COHEN, LERNER & RABINOVITZ, P.C.
By:   Steven Z. Cohen  (P29344)
        Aaron E. Silvenis  (P75889)
Attorney for Plaintiffs
26862 Woodward Avenue, Suite 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax

Dated: June ___, 2026

19

# EXHIBIT A



# Contract

Contract No._____

THIS AGREEMENT made on _____*Wednesday, July 17, 2024*_____ between

*Dave & Jeanea Kassa*     Res: _____ Bus: _____

E-Mail: *davidgkassa@gmail.com*    Fax: _____ Cell: *248-755-6364*

of    *7525 Autum Hill Dr*      *West Bloomfield*   *MI*   *48323*
      (Street)          (City)      (State/Prov) (Zip/Postal)

hereinafter called the "Owner" and *Ann Arbor Sunrooms Kitchen & Bath* (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at *6055 Jackson Rd. Suite 1, Ann Arbor, MI, 48103, 734-769-9700* hereinafter called the "Contractor".

**WITNESSETH:**

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| *230 Glass Cathedral* | *GR4FT1919* | - | *19' 3 3/4"* | *22'* | *12'* |
|---|---|---|---|---|---|
| System | Model No. | No. Bays | Length | Projection | Height |

**ACCESSORIES:**

Left Side: _____    Glazing:            Color.: _____

      Roof : *CONSERVAGLASS SELECT™ 16*    *Code 78*    Frame : *Bronze*

Right Side: _____    Front & Sides : *CONSERVAGLASS SELECT™ 7E*   *Code 7E*    Panel: _____

      Curves : _____

      Panel Type : *Glass Kickpanels 2' transoms for a 9' wall*     Beams: *Aluminum*

**WINDOWS & DOORS**

| Qty | | Qty | | Qty | Options |
|---|---|---|---|---|---|
| | *ALL SLIDING WINDOWS* | *1* | *12' QUAD DOOR IN* | | |
| | *WITH SCREENS* | | *RIGHT GABLE* | | |

Heating/Cooling: _____      Exhaust Fan: _____

**ADDITIONAL WORK:**   *As Per Scope of Work*    **EXCLUSIONS:**   *As Per Scope of Work*

| **Payment Schedule** | | **Contract Amount** | |
|---|---|---|---|
| Deposit | $31,000 | Total | $147,148 |
| Start of Site | $25,000 | Deductions | ($32,221) |
| Ship room from corporate | $25,000 | Subtotal | $114,927 |
| Glass installed | $22,000 | *Cost of Steel* | ( ) |
| Upon Completion | $11,927 | All Taxes are Included   *Less the Cost* | |
| Steel for the floor with 6 post budget 4200.00 | | *Of the Steel*   **Net TOTAL** | **$114,927** |

The Contractor is licensed under the License No. **2102205371** as a general contractor where the Premises are located and warrants all labor hereunder for 3 year from the date of substantial completion of installation. **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC, or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

Design Consultant _____*Robert C. Cox*_____    (X)_____ (Owner)

Authorized Approval. _____*ROBERT C. CLARK*_____ General Manager    (X)_____ (Co-Owner)
        (Contractor)      (Title)        _____ Date

## Terms & Conditions

### Unknown Conditions of the Premises

Owner hereby warrants that he/she has disclosed all known structural or subsoil conditions that could impact on the work to be performed hereunder. In the event Contractor discovers any unforeseen structural or subsoil condition, Contractor shall immediately advise the Owner of discovery and the Owner agrees to pay any additional costs associated with such conditions. Contractor agrees that the charges to be imposed for any such work shall be its usual and customary charges.

### Credit

If credit terms are agreed to between contractor and Owner, Contractor may assign this contract to a financial institution. If the financial institution does not approve Owner's credit, Contractor may cancel this contract without obligation to Owner. If Owner has misrepresented any facts upon which the decision to extend credit was based, Contractor may on ten (10) days' written notice to Owner require payment of the full contract price immediately by cash or certified check, and upon Owner's failure to comply to the provision, Contractor may cease work pursuant to this contract and proceed to enforce its remedies for owner's breach of contract.

### Insurance

Contractor represents that he carries Worker's compensation and Public Liability Insurance and will upon request provide a Certificate of Worker's Compensation Insurance prior to starting work.

### Breach

If the Owner refuses to permit the contractor to proceed with the work hereunder or otherwise breaches any of the terms and conditions hereof, Owner agrees to become liable to the Contractor for any sum that may be proved as damages, which sum shall include Contractor's lost profit, or Contractor if it so elects may retain any amounts paid through the date of the Owner's breach of contract as liquidated damages (and not as a penalty). Contractor agrees that it shall give owner seven (7) days' written notice of an intent to retain liquidated damages.

### Access

Owner represents that he is the Owner of the property on which the work is to be performed or that he is otherwise authorized on behalf of the Owners to enter into this agreement. Owner authorizes Contractor to enter upon the premises, and Owner agrees to obtain, if necessary, consent to enter upon adjoining property, in order to enable the Contractor to perform the work set forth herein.

### Entire Agreement

This contract represents the entire agreement between Owner and Contractor and no representation or warranty shall be binding upon either party unless included herein. This contract may be modified only in a writing signed by both parties and approved by an authorized officer of the Contractor.

### Governing Law

This contract shall be governed by the laws of the State of Michigan, and any dispute arising hereunder shall be resolved exclusively before a single arbitrator and in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 39 of 78

# Scope of Work

## Prepared for:

Dave & Jeanea Kassa
7525 Autum Hill Dr
West Bloomfield, MI 48323

Res:
Bus:
Fax:
Cel:   248-755-6364
E-Mail:   davidgkassa@gmail.com

---

**Project:**

To supply and install a Four Seasons sunroom addition on an existing building. Prepare working drawings for addition. Submit to the Building Department a completed Application for Building Permit together with the working drawings and the required fee and obtain the Building Permit.
Sunroom to meet Local Building Code.


Product displays, models, pictures and specifications may not depict actual product. Rooms are subject to variations pursuant to local building codes.

**Credentials & Warranties:**

We are *Sunroom Specialists* and only supply and build sunroom additions
We have been in business *Continuously* for over 30 years
Network of over 300 locations in 25 countries
More than 250,000 sunrooms built
Over 100 Million square feet of glass installed

*Licensed*
*Liability Insurance Coverage*
*Full Workers' Compensation Coverage*
*Member of the Better Business Bureau*

*Lifetime Limited Glass Seal Failure Transferable Warranty*
*Lifetime Limited Glass Breakage Transferable Warranty*
          *100% Coverage for 20 Years*
*10 Year Limited Product Warranty*

*3 Year Workmanship Warranty*
*Non-Four Seasons Products are as per Manufacturers Warranties*

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103    Tel 734-769-9700    Fax 734-769-7858    230 Glass Cathedral - Original

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 40 of 78

| | |
|---|---|
| *Sunroom Specifications:* | *Model GR4FT1919*<br>*Series 230 Sun & Stars Cathedral Room*<br>unit to be straight eaves back-to-back cathedral model<br>unit will have integral double drainage system to channel any moisture outside<br>glazing bars to be extruded aluminum for beauty and strength<br>all aluminum to be fully thermally broken to prevent cold transfer<br>integral shading track to be in all roof beams to allow for shades<br>only marine grade Stainless Steel Fasteners to prevent rust and staining<br>all glass sandwiched between EPDM gaskets to allow expansion & contraction<br>3" extruded aluminum framework with **Glass Kickpanels**<br>frame paint finish to be **Bronze** Baked-On enamel for long-lasting beauty<br>all glass to be fully tempered for your security and safety<br>all high quality **Aluminum** windows with screens and security locks |
| *Approximate Sunroom Size:*<br><br>*Roof Glazing:* | 19' 3 3/4" long 22' projection 10' 7 7/8" high<br><br>**4' 6" conventional build out to get the projection to 22'**<br>CONSERVA**GLASS SELECT**™ (MC-16)<br>*Exclusive High Performance Glazing*<br>Multi-coat glazing technology (Code 78)<br>Easy-Clean II Exterior Coating + Stay-Clean Technology<br>Argon Gas filled for better insulation<br>90% reduction in Total Solar Transmittance<br>High Visible Transmittance<br>R4.0 / U0.25 center of glass insulation value<br>Stainless steel continuous bent spacers<br>Dual poly-isobutylene and silicone seals<br>Fully tempered insulated safety glass<br>Protective Glass Masking |
| *Vertical Glazing:* | CONSERVA**GLASS SELECT**™ (MC-7E)<br>*Exclusive High Performance Glazing*<br>Multi-coat glazing technology (Code 7E)<br>Easy-Clean II Exterior Coating + Stay-Clean Technology<br>Argon Gas filled for better insulation<br>75% reduction in Total Solar Transmittance<br>High Visible Transmittance<br>R4.0 / U0.25 center of glass insulation value<br>Stainless steel continuous bent spacers<br>Dual poly-isobutylene and silicone seals<br>Fully tempered insulated safety glass<br>Protective Glass Masking |

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858      230 Glass Cathedral - Original

**Foundation:** Hand dig holes 3'6" deep 16" in diameter
Pour holes to within 6" below grade
includes Simpson brackets and 6"x6" treated post.

**Floors:** 2x12 joist 16" O.C. Ledger at house. 1/2" Treated plywood underside with R_-38 Batt insulation. 3/4" T&G Avantech plywood for 50 year moisture resistance.

**Tear Downs:** Remove complete deck including surface and framing

**Roofs:** Build gable dormer on existing roof
Provide rafter framing
Roof sheathing
Ice shields
Create new valleys on gable dormer
25-year asphalt shingles
Flash fascia boards
Snow and Ice to be applied on the entire surface along with the valleys. Interior finish to be discussed.

**Miscellaneous:** Wrap steel with composite material

**Also Includes:** Architectural Drawings & Building Permit are included.

All aspects of installation, flashing & caulking.

Engineering by Four Seasons Sunrooms.
Repair any damage done to existing building caused by Four Seasons Sunrooms or it's contractors.
Leave area broom clean at the end of each work day.
Remove all construction debris from site at the completion of project.

**Project Notes:**

6055 Jackson Rd. Suite 1. Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858        230 Glass Cathedral - Original



*Project Notes:*

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858         230 Glass Cathedral - Original

## *Exclusions:*

Except as specified above, the following items are **not** included in this quotation:

Any additional permits or fees such as listed below, except as noted above
- Committee of Adjustments
- Site Plan Control
- Conservation Authority Approval
- Curb Deposit
- Plumbing Permit

Any items listed in Options, marked By Others or not listed above

All final painting and decorating

Heating, Cooling & Electrical, except as noted above

Floor covering

Landscaping

Decks, skirt to grade and /or stairs, except as noted above

Any additions to the above will be charged at current Four Seasons prices. No additional work is to commence without a signed Change Order form.

**The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Owner _____ Date _____

Consultant _____

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858    230 Glass Cathedral - Original

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 45 of 78

# EXHIBIT B

**Our payments to Ann Arbor Sunrooms LLC totaled $57,500**





Branch: Howell
Date: Jun 25, 2025                          1295
Account #: ****1700
Basic Commercial checking
Cash Box:1215
Transaction: Deposit        Teller#:563318
Amount:  $28,000.00
TOTAL CH            $28,000.00


Amt.: $28,000.00  Available: 06-25-2025


Hold Reason:No Hold
..................................
Buying a home or refinancing?
Lake Trust is here to help you.
Call 888.562.6865.
..................................
Ann Arbor Sunroom Kitchen and Bath LLC




Station: 5622

## Wire and International Transfer History

| Date ‡ | From Account ‡ | To Recipient ‡ | Status ‡ | Amount ‡ | |
|---|---|---|---|---|---|
| 10/01/2025 | Spend x3457 | Ann Arbor Sunrooms LLC | Completed | $20,000.00 | ∧ |

**Wire Transfer Details**

**PNC Confirmation Number** ⓘ
0423625285648

**FedWire Reference Number** ⓘ
1001MMQFMPNB007351

**Purpose**
Major Purchase

**Memo**
SUNROOM PRINTS, EXISTING DECK REMOVAL, NEW FLOOR INSTALL

**Status**
Completed - We sent your wire or transfer. Funds should reach the recipient's account once their bank accepts the transaction.

| 07/18/2025 | Spend x3457 | Ann Arbor Sunroom Kitchen and Bath | Completed | $7,500.00 | ∧ |
|---|---|---|---|---|---|

**Wire Transfer Details**

**PNC Confirmation Number** ⓘ
0417161848486

**FedWire Reference Number** ⓘ
0718MMQFMPNB011708

**Purpose**
Major Purchase

**Memo**
sunroom

**Status**
Completed - We sent your wire or transfer. Funds should reach the recipient's account once their bank accepts the transaction.

# EXHIBIT C



**BUILD the BEST FOUR SEASONS® SUNROOMS**
Independently Owned & Operated

# Contract

THIS AGREEMENT made on _____ *Thursday, June 19, 2025* _____ between

Contract No_____

**Bill & Emma Deherder**

E-Mail: *emmadeherder@gmail.com*

Res: _____ Bus: _____

Fax: _____ Cell: *269-329-9136*

of _____ *11688 Fowlerville Rd.* _____ *Fowlerville* _____ *MI* _____ *48836*
　　　　　(Street)　　　　　　　　　　　　　　　(City)　　　　　(State/Prov)　(Zip/Postal)

hereinafter called the "Owner" and _*Ann Arbor Sunrooms Kitchen & Bath*_ (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at _*6055 Jackson Rd. Suite 1, Ann Arbor, MI, 48103, 734-769-9700*_ hereinafter called the "Contractor".

**WITNESSETH:**

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| *230 Glass Cathedral* | *GR4FT1313* | - | *12' 10"* | *21' 10"* | *17'* |
|---|---|---|---|---|---|
| System | Model No. | No. Bays | Length | Projection | Height |

**ACCESSORIES:**

Left Side: _____

Right Side: _____

| | | | Color: | **Bronze** |
|---|---|---|---|---|
| Roof: | Glazing: *CONSERVAGLASS SELECT™ 16* | *Code 78* | Frame: | *Bronze* |
| Front & Sides: | *CONSERVAGLASS SELECT™ 7E* | *Code 7E* | Panel: | |
| Curves: | | | | |
| Panel Type: | *Glass Kickpanels/glass transoms* | | Beams: | *Aluminum* |

**WINDOWS & DOORS**

| Qty | | Qty | | Qty | Options |
|---|---|---|---|---|---|
| 1 | *6' Door wall leading to the* | | | 9 | *Additional Transoms* |
| | *Platform and steps* | | | | *to increase the height to 15'* |
| 5 | *6'x5' sliding windows* | | | | |

Heating/Cooling: To be done by a local contractor　　　　Exhaust Fan: _____

**ADDITIONAL WORK:** _*As Per Scope of Work*_ **EXCLUSIONS:** _*As Per Scope of Work*_

### Payment Schedule

| | | Contract Amount | |
|---|---|---|---|
| Deposit | $28,000 | Total | $150,008 |
| Ship Room in from Corporate | $50,000 | Deductions | ($11,275) |
| Install Glass | $35,000 | Subtotal | $138,733 |
| Completion of the sunroom | $18,733 | Corporat incentive discount | (7,000) |
| | All Taxes are Included | | |

Electric to code along with the Split Zone unit to be done by local contractors.

**Net TOTAL　　$131,733**

The Contractor is licensed under the License No. 2102205371 as a general contractor where the Premises are located and warrants all labor hereunder for 3 year from the date of substantial completion of installation. **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

Design Consultant _____

Authorized Approval. ___*Robert Clark*___  General Manager
　　　　　　　　　　(Contractor)　　　　　　(Title)

X _____ (Owner)

_____ (Co-Owner)

_____ Date



**BUILD the BEST**
**FOUR SEASONS®**
**S U N R O O M S**
Independently Owned & Operated

# Contract

Contract No_____

THIS AGREEMENT made on _____ *Thursday, June 19, 2025* _____ between

**Bill & Emma Deherder**    Res:    Bus:

E-Mail: *emmadeherder@gmail.com*    Fax:    Cell: *269-329-9136*

of   *11688 Fowlerville Rd.*    *Fowlerville*    *MI*    *48836*

(Street)     (City)     (State/Prov)   (Zip/Postal)

hereinafter called the "Owner" and _Ann Arbor Sunrooms Kitchen & Bath_ (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at _6055 Jackson Rd. Suite 1, Ann Arbor, MI, 48103, 734-769-9700_ hereinafter called the "Contractor".

**WITNESSETH:**

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| *230 Glass Cathedral* | *GR4FT1313* | - | *12' 10"* | *21' 10"* | *17'* |
|---|---|---|---|---|---|
| System | Model No. | No. Bays | Length | Projection | Height |

**ACCESSORIES:**

Left Side:    Glazing:        Color:: **Bronze**

Roof:   *CONSERVAGLASS SELECT™ 16*    *Code 78*    Frame: *Bronze*

Right Side:    Front & Sides: *CONSERVAGLASS SELECT™ 7E*    *Code 7E*    Panel:

Curves:

Panel Type: *Glass Kickpanels/glass transoms*    Beams: *Aluminum*

**WINDOWS & DOORS**

| Qty | | Qty | | Qty | Options |
|---|---|---|---|---|---|
| 1 | *6' Door wall leading to the* | | | 9 | *Additional Transoms* |
| | *Platform and steps* | | | | *to increase the height to 15'* |
| 5 | *6'x5' sliding windows* | | | | |

Heating/Cooling: To be done by a local contractor      Exhaust Fan:

**ADDITIONAL WORK:** _As Per Scope of Work_    **EXCLUSIONS:** _As Per Scope of Work_

| Payment Schedule | | Contract Amount | |
|---|---|---|---|
| Deposit | $28,000 | Total | $150,008 |
| Start of Project | $20,000 | Deductions | ($11,275) |
| Ship room in from Corprate | $40,000 | Subtotal | $138,733 |
| payment for room install | $32,000 | Corporat incentive discount | (7,000) |
| Upon Completion | $11,733   All Taxes are Included | | |
| Electric to code along with the Split Zone unit to be done by local contractors. | | **Net TOTAL** | **$131,733** |

The Contractor is licensed under the License No. 2102205371 as a general contractor where the Premises are located and warrants all labor hereunder for 3 year from the date of substantial completion of installation. **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

Design Consultant _____    _____ (Owner)

Authorized Approval. _____   General Manager    _____ (Co-Owner)

(Contractor)     (Title)     _____ Date


**BUILD the BEST**
**FOUR SEASONS®**
**S U N R O O M S**
Independently Owned & Operated

# Contract

Contract No_____

THIS AGREEMENT made on _____*Thursday, June 19, 2025*_____ between

**Bill & Emma Deherder**                                        Res:                    Bus:

E-Mail: *emmadeherder@gmail.com*                        Fax:                    Cell: *269-329-9136*

of    **11688 Fowlerville Rd.**                        *Fowlerville*        **MI**        **48836**

(Street)                                        (City)                (State/Prov)  (Zip/Postal)

hereinafter called the "Owner" and **Ann Arbor Sunrooms Kitchen & Bath** (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at **6055 Jackson Rd. Suite 1, Ann Arbor, MI, 48103, 734-769-9700** hereinafter called the "Contractor".

**WITNESSETH:**

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| **230 Glass Cathedral** | **GR4FT1313** | - | **12' 10"** | **21' 10"** | **15'** |
|---|---|---|---|---|---|
| System | Model No. | No. Bays | Length | Projection | Height |

**ACCESSORIES:**

| Left Side: | | Glazing: | | | Color:: | **Bronze** |
|---|---|---|---|---|---|---|
| | Roof : | *CONSERVAGLASS SELECT™ 16* | *Code 78* | | Frame : | *Bronze* |
| Right Side: | Front & Sides : | *CONSERVAGLASS SELECT™ 7E* | *Code 7E* | | Panel: | |
| | Curves : | | | | | |
| | Panel Type : | *Glass Kickpanels/glass transoms* | | | Beams: | *Aluminum* |

**WINDOWS & DOORS**

| Qty | | Qty | | Qty | Options |
|---|---|---|---|---|---|
| **1** | **6' Door wall leading to the** | | | **9** | **Additional Transoms** |
| | **Platform and steps** | | | | **to increase the height to 15'** |
| **5** | **6'x5' sliding windows** | | | | |

Heating/Cooling: To be done by a local contractor                Exhaust Fan:

**ADDITIONAL WORK:**    *As Per Scope of Work*    **EXCLUSIONS:**    *As Per Scope of Work*

| **Payment Schedule** | | | **Contract Amount** | |
|---|---|---|---|---|
| Deposit | $28,000 | | Total | $150,008 |
| Ship Room in from Corporate | $50,000 | | Deductions | ($11,275) |
| Install Glass | $35,000 | | Subtotal | $138,733 |
| Completion of the sunroom | $18,733 | | Corporat incentive discount | (7,000) |
| | | All Taxes are Included | | |
| Electric to code along with the Split Zone unit to be done by local contractors. | | | **Net TOTAL** | **$131,733** |

The Contractor is licensed under the License No. **2102205371** as a general contractor where the Premises are located and warrants all labor hereunder for 3 year from the date of substantial completion of installation.   **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

| Design Consultant | _____ | | _____ | (Owner) |
|---|---|---|---|---|
| Authorized Approval. | _____ | General Manager | _____ | (Co-Owner) |
| | (Contractor) | (Title) | _____ | Date |

## Terms & Conditions

### Unknown Conditions of the Premises

Owner hereby warrants that he/she has disclosed all known structural or subsoil conditions that could impact on the work to be performed hereunder. In the event Contractor discovers any unforeseen structural or subsoil condition, Contractor shall immediately advise the Owner of discovery and the Owner agrees to pay any additional costs associated with such conditions. Contractor agrees that the charges to be imposed for any such work shall be its usual and customary charges

### Credit

If credit terms are agreed to between contractor and Owner, Contractor may assign this contract to a financial institution. If the financial institution does not approve Owner's credit, Contractor may cancel this contract without obligation to Owner. If Owner has misrepresented any facts upon which the decision to extend credit was based, Contractor may on ten (10) days' written notice to Owner require payment of the full contract price immediately by cash or certified check, and upon Owner's failure to comply to the provision, Contractor may cease work pursuant to this contract and proceed to enforce its remedies for owner's breach of contract.

### Insurance

Contractor represents that he carries Worker's compensation and Public Liability Insurance and will upon request provide a Certificate of Worker's Compensation Insurance prior to starting work.

### Breach

If the Owner refuses to permit the contractor to proceed with the work hereunder or otherwise breaches any of the terms and conditions hereof, Owner agrees to become liable to the Contractor for any sum that may be proved as damages, which sum shall include Contractor's lost profit, or Contractor if it so elects may retain any amounts paid through the date of the Owner's breach of contract as liquidated damages (and not as a penalty). Contractor agrees that it shall give owner seven (7) days' written notice of an intent to retain liquidated damages.

### Access

Owner represents that he is the Owner of the property on which the work is to be performed or that he is otherwise authorized on behalf of the Owners to enter into this agreement. Owner authorizes Contractor to enter upon the premises, and Owner agrees to obtain, if necessary, consent to enter upon adjoining property, in order to enable the Contractor to perform the work set forth herein.

### Entire Agreement

This contract represents the entire agreement between Owner and Contractor and no representation or warranty shall be binding upon either party unless included herein. This contract may be modified only in a writing signed by both parties and approved by an authorized officer of the Contractor.

### Governing Law

This contract shall be governed by the laws of the State of Michigan, and any dispute arising hereunder shall be resolved exclusively before a single arbitrator and in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103    Tel 734-769-9700    Fax (631) 555-4321    230 Glass Cathedral - Original

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 54 of 78

# Scope of Work

Thursday, June 19, 2025

## Prepared for:

Bill & Emma Deherder
11688 Fowlerville Rd.
Fowlerville, MI 48836

Res:
Bus:
Fax:
Cel:    269-329-9136
E-Mail:    emmadeherder@gmail.com

---

**Project:**

To supply and install a Four Seasons sunroom addition on an existing building. Prepare working drawings for addition. Submit to the Building Department a completed Application for Building Permit together with the working drawings and the required fee and obtain the Building Permit.
Sunroom to meet Local Building Code.

Product displays, models, pictures and specifications may not depict actual product. Rooms are subject to variations pursuant to local building codes.

**Credentials & Warranties:**

We are **Sunroom Specialists** and only supply and build sunroom additions
We have been in business **Continuously** for over 30 years
Network of over 300 locations in 25 countries
More than 250,000 sunrooms built
Over 100 Million square feet of glass installed

**Licensed**
**Liability Insurance Coverage**
**Full Workers' Compensation Coverage**
**Member of the Better Business Bureau**

**Lifetime Limited Glass Seal Failure Transferable Warranty**
**Lifetime Limited Glass Breakage Transferable Warranty**
        **100% Coverage for 20 Years**
**10 Year Limited Product Warranty**

**3 Year Workmanship Warranty**
**Non-Four Seasons Products are as per Manufacturers Warranties**

| | |
|---|---|
| *Sunroom* *Specifications:* | *Model GR4FT1313* **Series 230 Sun & Stars Cathedral Room** |

*Model GR4FT1313*

**Series 230 Sun & Stars Cathedral Room**

unit to be straight eaves back-to-back cathedral model
unit will have integral double drainage system to channel any moisture outside
glazing bars to be extruded aluminum for beauty and strength
all aluminum to be fully thermally broken to prevent cold transfer
integral shading track to be in all roof beams to allow for shades
only marine grade Stainless Steel Fasteners to prevent rust and staining
all glass sandwiched between EPDM gaskets to allow expansion & contraction
3" extruded aluminum framework with **Glass Kickpanels**
frame paint finish to be **Bronze** Baked-On enamel for long-lasting beauty
all glass to be fully tempered for your security and safety
all high quality **Aluminum** windows with screens and security locks

*Approximate*
*Sunroom Size:*

12' 10" long  21' 10" projection  15' high

*Roof*
*Glazing:*

CONSERVA**GLASS SELECT**™ (MC-16)
*Exclusive High Performance Glazing*
Multi-coat glazing technology (Code 78)
Easy-Clean II Exterior Coating + Stay-Clean Technology
Argon Gas filled for better insulation
90% reduction in Total Solar Transmittance
High Visible Transmittance
R4.0 / U0.25 center of glass insulation value
Stainless steel continuous bent spacers
Dual poly-isobutylene and silicone seals
Fully tempered insulated safety glass
Protective Glass Masking

*Vertical*
*Glazing:*

CONSERVA**GLASS SELECT**™ (MC-7E)
*Exclusive High Performance Glazing*
Multi-coat glazing technology (Code 7E)
Easy-Clean II Exterior Coating + Stay-Clean Technology
Argon Gas filled for better insulation
75% reduction in Total Solar Transmittance
High Visible Transmittance
R4.0 / U0.25 center of glass insulation value
Stainless steel continuous bent spacers
Dual poly-isobutylene and silicone seals
Fully tempered insulated safety glass
Protective Glass Masking

| | |
|---|---|
| *Foundation:* | Hand dig holes 3'6" deep 16" in diameter<br>Pour holes to within 6" below grade<br>includes Simpson brackets and 6"x6" treated post. |
| *Floors:* | 2x12 joist 16" O.C. Ledger at house. 3/8" Smartside underside closed cell foam insulation. 3/4" T&G Advantech plywood for 50 year moisture resistance. |
| *Base Walls /*<br>*Walls:* | Supply and install 1/2" drywall to the house wall. Taped sanded and paint. |
| *Tear Downs:* | **Remove complete deck including surface and framing & Haul away all debris** |
| *Miscellaneous:* | **Additional transoms for Height at the ridge**<br>**Fill in with a 7' Doorwall under the existing roof.**<br>**Build a 7'x3' platform and 4'steps outside of the doorwall.** |

**Also Includes:** Architectural Drawings & Building Permit are included.

All aspects of installation, flashing & caulking.

Engineering by Four Seasons Sunrooms.
Repair any damage done to existing building caused by Four Seasons Sunrooms or it's contractors.
Leave area broom clean at the end of each work day.
Remove all construction debris from site at the completion of project.

**Project Notes:** **Use a 2x4 GlueLam beam or steel at the ridge to give the ablity to carry the weight of the customers exersize unit.**

**UNIT TO BE INSTALLED BEFORE CHRISTMAS OF 2025!!!**

6055  Jackson Rd. Suite 1, Ann Arbor, MI  48103    Tel 734-769-9700    Fax (631) 555-4321    230 Glass Cathedral - Original

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 58 of 78

# Options

*Project Notes:*

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 59 of 78

*Exclusions:*

Except as specified above, the following items are **not** included in this quotation:

Any additional permits or fees such as listed below, except as noted above
- Committee of Adjustments
- Site Plan Control
- Conservation Authority Approval
- Curb Deposit
- Plumbing Permit

Any items listed in Options, marked By Others or not listed above
All final painting and decorating
Heating, Cooling & Electrical, except as noted above
Floor covering
Landscaping
Decks, skirt to grade and /or stairs, except as noted above

Any additions to the above will be charged at current Four Seasons prices. No additional work is to commence without a signed Change Order form.

**The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Owner _____ Date _____

Consultant _____

# EXHIBIT D

26-41512-mar    Doc 17    Filed 06/08/26    Entered 06/08/26 15:29:46    Page 61 of 78

January 15, 2026

William and Emma Deherder
11668 Fowlerville Road
Fowlerville, MI 48836

Dear William and Emma:

I am writing today regarding your sunroom project.

Bob Clark, the President/Owner of the business was involved in a car accident. He was later diagnosed with Dementia, we had no choice but to close the showroom and began working remotely. Unfortunately, Bob has had a major decline in his health these last few months and is permanently disabled. I must now take care of him full time every day. He can't take phone calls or pressure at all. We had no choice but to close the company completely. We have turned all projects over to our attorney to close out. Your balance will be part of our close out.

We have done a lot of work on your project; the measure, many site visits, hours and hours spent on engineering, several sets of prints, materials, labor hours, mileage, order process, change orders and administrative expenses. 79 hours at our hourly rate is $425.00, plus mileage, materials. Total expenses are $35,183.00.

You can still move forward with your project by redesigning the sunroom. There are Dealers in the area that could take over the project. I have also listed a contact at the corporate office in New York who know we are now closed and can help find a new dealer for you.

Your project is worth the investment. You will never find a more beautiful and unique sunroom addition, nor can you get the quality of a Four Seasons Sunroom with the self-cleaning, patented glass design from any other company. You could have a finished sunroom addition where your family can enjoy the space all year long.

Thank you for your time, consideration, understanding and compassion for the position we find ourselves in.

Sincerely,
Tammie J Clark

Corporate Contact: Brian Fabian bpf@latiumusa.com

# EXHIBIT E



# Contract

Independently Owned & Operated

THIS AGREEMENT made on _____ **Wednesday, September 11, 2024** _____ between

Contract No_____

**Lyle & Connie Masserant** _____ Res: _____ Bus: _____

E-Mail: _lylemass54@icloud.com_ _____ Fax: _____ Cell: **734-349-6410**

of _____ **8620 Chinavare Rd.** _____ **Newport** _____ **MI** _____ **48166** _____
(Street) (City) (State/Prov) (Zip/Postal)

hereinafter called the "Owner" and _Ann Arbor Sunrooms Kitchen & Bath_ (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at _6855 Jackson Rd. Suite 1, Ann Arbor, MI. 48103, 734-769-9700_ hereinafter called the "Contractor".

WITNESSETH:

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| System | Model No. | No. Bays | Length | Projection | Height |
|---|---|---|---|---|---|
| **230 Glass Cathedral** | **GR4FX1513** | - | **15' 5 7/8"** | **14'** | **10' 0 1/4"** |

**ACCESSORIES:**

| Left Side: | | Glazing: | | | Color: | |
|---|---|---|---|---|---|---|
| | | Roof: | **CONSERVAGLASS SELECT™ 16** | **Code 78** | Frame : | **Bronze** |
| Right Side: | | Front & Sides : | **CONSERVAGLASS SELECT™ 7E** | **Code 7E** | Panel: | **White** |
| | | Curves : | | | | |
| | | Panel Type : | **Slate Panels/Glass Kick panels N/C** | | Beams: | **Aluminum** |

**WINDOWS & DOORS**

| Qty | Qty | Qty | Options |
|---|---|---|---|
| | _PER BLUE PRINTS_ | | |

Heating/Cooling: _____ Exhaust Fan: _____

**ADDITIONAL WORK:** _As Per Scope of Work_ **EXCLUSIONS:** _As Per Scope of Work_

10,000.00 DEPOSIT REC 9-18-24
$20,000 10,000.00 UPON BLUE PRINTS
PAID 10,000.00 9-18-21

| Payment Schedule | | Contract Amount | |
|---|---|---|---|
| Deposit | $20,000 | Total | $91,893 |
| Start of Site | $28,000 | Deductions | ($17,586) |
| Install Glass | $14,000 | Subtotal | $74,307 |
| Completion | $7,000 | additional corporate disc. | (5,307) |
| | All Taxes are Included | For a quick decision | |
| | | **Net TOTAL** | **$69,000** |

The Contractor is licensed under the License No. 2102205371 as a general contractor where the Premises are located and warrants all labor hereunder for 2 years from the date of substantial completion of installation. **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

Design Consultant _Robt CC_

Authorized Approval _ROBERT C. CLARK_ General Manager
(Contractor) (Title)

_____ (Owner)

_____ (Co-Owner)

_____ Date

| Capture Date | Sequence # | Check # | Member # | HiLo | Amount | Return Reason | Return Date |
|---|---|---|---|---|---|---|---|
| 9/17/2024 | 91016293 | 5880 | ███████ | | $1,000.00 | | |

**LYLE A MASSERANT**
**CONNIE L MASSERANT**
**8820 CHINAVARE RD**
**NEWPORT, MI 48166**
**PH: 734-770-6918**

5880

9-13-24 Date

Pay to the Order of _Four Season Sunrooms_ $1,000.00

One thousand dollars and no cents ———— Dollars

Monroe
COMMUNITY CREDIT UNION

For Deposit

⑆272482883⑆ ███████ 5880

Lake Trust CU
(Brighton, MI)
4605 S.Old US Hwy23.
09/13/24-05:38:17PT
425752349
Remote Deposit
<<<<█████████>>>

| Capture Date | Sequence # | Check # | Member # | HiLo | Amount | Return Reason | Return Date |
|---|---|---|---|---|---|---|---|
| 9/17/2024 | 91016292 | 8484 | ███ | | $9,000.00 | | |

**CONNIE L. MASSERANT**
8520 CHUNAVARE RD
NEWPORT, MI 48166

8484

Sept 13-2024

Pay to the Order of _Four Seasons_    $ 9,000.00

_Nine thousand_    Dollars

**Monroe**
COMMUNITY CREDIT UNION

For _____

Connie Masserant

⑆272482883⑆ ███████████ ⑈8484

Lake Trust CU
(Brighton, MI)
4605 S. Old US Hwy23
09/13/24-05:36:44PT
42575234B
Remote Deposit
<<<<< ███████ >>>

| Capture Date | Sequence # | Check # | Member # | HiLo | Amount | Return Reason | Return Date |
|---|---|---|---|---|---|---|---|
| 9/20/2024 | 91132130 | 8486 | ██████ | | $10,000.00 | | |

**CONNIE L. MASSERANT**
8620 CHINAVARE RD
NEWPORT, MI 48166

8486

9-18-2024

Pay to the Order of _Four Seasons_    $ /0,000.00

_Ten thousand & 00/100_ ——————— Dollars

_Monroe_
COMMUNITY CREDIT UNION

For _____

⑆272482883⑆ ██████ ⑈8486

Lake Trust CU
(Brighton,MI)
4605 S.Old US Hwy23
09/18/24-04:54:24PT
426260536
Remote Deposit



# EXHIBIT F



# Contract

THIS AGREEMENT made on **August 28, 2024** _____ between

| Tom & Erica Crook | Res: | Bus: |
| E Mail e crook@hotmail.com | Fax: | Cell: 734-231-3661 |

of **3851 Trumbull** **Trenton** **MI** **48183**
(Street) (City) (State/Prov) (Zip/Postal)

hereinafter called the "Owner" and **Ann Arbor Sunrooms Kitchen & Bath** (an independently owned and operated business licensed to sell Four Seasons Product Line hereinafter called the "Products") located at **6855 Jackson Rd, Suite 1, Ann Arbor, MI, 48103, 734-769-9700** hereinafter called the "Contractor".

**WITNESSETH:**

The Contractor hereby agrees that it will, for consideration hereinafter mentioned, furnish the following described Products and all labor necessary to install the Products and such Additional Work as listed below at premises located at (hereinafter called the "Premises")

We hereby submit specifications for the following Products:

| **230 Glass Cathedral** | **GR4FX1512** | | | | **15' 5 7/8"** | **12' 6 7/8"** | **10' 0 1/4"** |
|---|---|---|---|---|---|---|---|
| System | Model No. | | No. Bays | Length | Projection | Height | |

**ACCESSORIES:**

| Left Side: | | Glazing: | | | Color: | |
|---|---|---|---|---|---|---|
| | Roof : | **CONSERVAGLASS SELECT™ 16** | Code 78 | Frame: | **White** | |
| Right Side: | Front & Sides : | **CONSERVAGLASS SELECT™ 7E** | Code 7E | Panel: | | |
| | Curves : | | | | | |
| | Panel Type : | **Glass Kickpanels** | | Beams: | **Aluminum** | |

**WINDOWS & DOORS**

| Qty | | Qty | | Qty | Options |
|---|---|---|---|---|---|
| **ALL SLIDING WINDOWS** | | **2** | **SLIDING DOORS** | | |
| **WITH SCREENS** | | | | | |

Heating/Cooling Exhaust Fan

**ADDITIONAL WORK:** **As Per Scope of Work** **EXCLUSIONS:** **As Per Scope of Work**

| **Payment Schedule** | | **Contract Amount** | |
|---|---|---|---|
| Deposit | $20,000 | Total | $89,216 |
| | | Deductions | ($16,216) |
| Start of Site | 30,000 | Subtotal | $73,000 |
| Install Glass | $10,000 | | |
| Completion | $10,000 | Quick decision disc. | (3,000) |
| | All Taxes are Included | | |
| Reduce the price by (3,000) for a quick decision. | | **Net TOTAL** | **$70,000** |

The Contractor is licensed under the License No. **2102205371** as a general contractor where the Premises are located and warrants all labor hereunder for 3 year from the date of substantial completion of installation. **The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Except for the written warranty on labor set forth above, Contractor makes no other warranty and specifically excludes all warranties express or implied, including but not limited to any implied warranty or merchantability or fitness.

The Owner acknowledges that it has read and understood the conditions on the back of this agreement, all of which are herein incorporated by reference.

This agreement shall be governed and construed in accordance with the laws of the state of Michigan. The owner may cancel this agreement at any time within three (3) business days following receipt by the Owner of a duplicate original copy of this agreement. This agreement will only become effective when signed by an authorized office of the Contractor. This agreement will only become effective when signed by an authorized officer of the Contractor. The Owner herby acknowledges receipt of a duplicate original copy of this agreement.

| Design Consultant: | _____ | | | X _____ (Owner) |
|---|---|---|---|---|
| Authorized Approval: | Robert C Crook General Manager | | | X _____ (Co-Owner) |
| | (Contractor) | (Title) | | Date |

SURVEY SPLIT

Prepared for Tom & Erica Crock by
Owner

*Exclusions:*   Except as specified above, the following items are **not** included in this quotation

Any additional permits or fees such as listed below, except as noted above
Committee of Adjustments
Site Plan Control
Conservation Authority Approval
Curb Deposit
Plumbing Permit
Any items listed in Options, marked By Others or not listed above
All final painting and decorating
Heating, Cooling & Electrical, except as noted above
Floor covering
Landscaping
Decks, skirt to grade and /or stairs, except as noted above

Any additions to the above will be charged at current Four Seasons prices. No additional work is to commence without a signed Change Order form.

**The Owner acknowledges and agrees that the Contractor is an Independently Owned and Operated entity licensed to sell the Four Seasons Product Line and is not an agent or affiliate or Four Seasons Solar Products LLC. The Owner expressly waives any claim against Four Seasons Solar Products LLC. or its affiliates except as may be expressly set forth in written warranties accompanying the products.**

Owner ✗ _____   Date 8-28-24 _____

Consultant ✗ _____

6055 Jackson Rd. Suite 1, Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858     230 Glass Cathedral - Original

26-41512-mar   Doc 17   Filed 06/08/26   Entered 06/08/26 15:29:46   Page 71 of 78

# Terms & Conditions

## Unknown Conditions of the Premises

Owner hereby warrants that he/she has disclosed all known structural or subsoil conditions that could impact on the work to be performed hereunder. In the event Contractor discovers any unforeseen structural or subsoil condition, Contractor shall immediately advise the Owner of discovery and the Owner agrees to pay any additional costs associated with such conditions. Contractor agrees that the charges to be imposed for any such work shall be its usual and customary charges

## Credit

If credit terms are agreed to between contractor and Owner. Contractor may assign this contract to a financial institution. If the financial institution does not approve Owner's credit, Contractor may cancel this contract without obligation to Owner. If Owner has misrepresented any facts upon which the decision to extend credit was based, Contractor may on ten (10) days' written notice to Owner require payment of the full contract price immediately by cash or certified check, and upon Owner's failure to comply to the provision, Contractor may cease work pursuant to this contract and proceed to enforce its remedies for owner's breach of contract.

## Insurance

Contractor represents that he carries Worker's compensation and Public Liability Insurance and will upon request provide a Certificate of Worker's Compensation Insurance prior to starting work.

## Breach

If the Owner refuses to permit the contractor to proceed with the work hereunder or otherwise breaches any of the terms and conditions hereof, Owner agrees to become liable to the Contractor for any sum that may be proved as damages, which sum shall include Contractor's lost profit, or Contractor if it so elects may retain any amounts paid through the date of the Owner's breach of contract as liquidated damages (and not as a penalty). Contractor agrees that it shall give owner seven (7) days' written notice of an intent to retain liquidated damages.

## Access

Owner represents that he is the Owner of the property on which the work is to be performed or that he is otherwise authorized on behalf of the Owners to enter into this agreement. Owner authorizes Contractor to enter upon the premises, and Owner agrees to obtain, if necessary, consent to enter upon adjoining property, in order to enable the Contractor to perform the work set forth herein.

## Entire Agreement

This contract represents the entire agreement between Owner and Contractor and no representation or warranty shall be binding upon either party unless included herein. This contract may be modified only in a writing signed by both parties and approved by an authorized officer of the Contractor.

## Governing Law

This contract shall be governed by the laws of the State of Michigan, and any dispute arising hereunder shall be resolved exclusively before a single arbitrator and in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

**Sunroom Specifications:**

*Model GR4FX1512*
*Series 230 Sun & Stars Cathedral Room*

EXHIBIT
C1-4

unit to be straight eaves back-to-back cathedral model
unit will have integral double drainage system to channel any moisture outside
glazing bars to be extruded aluminum for beauty and strength
all aluminum to be fully thermally broken to prevent cold transfer
integral shading track to be in all roof beams to allow for shades
only marine grade Stainless Steel Fasteners to prevent rust and staining
all glass sandwiched between EPDM gaskets to allow expansion & contraction
3" extruded aluminum framework with **Glass Kickpanels**
frame paint finish to be **White Baked-On** enamel for long-lasting beauty
all glass to be fully tempered for your security and safety
all high quality **Aluminum** windows with screens and security locks

**Approximate Sunroom Size:**

15' 5 7/8" long   12' 6 7/8" projection   10' 0 1/4" high

**Roof Glazing:**

**CONSERVAGLASS SELECT™ (MC-16)**
*Exclusive High Performance Glazing*
Multi-coat glazing technology (Code 78)
Easy-Clean II Exterior Coating + Stay-Clean Technology
Argon Gas filled for better insulation
90% reduction in Total Solar Transmittance
High Visible Transmittance
R4.0 / U0.25 center of glass insulation value
Stainless steel continuous bent spacers
Dual poly-isobutylene and silicone seals
Fully tempered insulated safety glass
Protective Glass Masking

**Vertical Glazing:**

**CONSERVAGLASS SELECT™ (MC-7E)**
*Exclusive High Performance Glazing*
Multi-coat glazing technology (Code 7E)
Easy-Clean II Exterior Coating + Stay-Clean Technology
Argon Gas filled for better insulation
75% reduction in Total Solar Transmittance
High Visible Transmittance
R4.0 / U0.25 center of glass insulation value
Stainless steel continuous bent spacers
Dual poly-isobutylene and silicone seals
Fully tempered insulated safety glass
Protective Glass Masking

**Foundation:**
Hand dig holes 3'6" deep 16" in diameter
Pour holes to grade
includes Simpson brackets and 6"x6" treated post.

**Base Walls /**
**Walls:**
Supply and install 1/2" drywall to the house wall. Taped sanded and ready for paint.

**Roofs:**
Build gable dormer on existing roof
Provide rafter framing
Roof sheathing
Ice shields
Create new valleys on gable dormer
30-year asphalt shingles
Flash fascia boards
Snow and Ice to be applied on the entire surface along with the valleys. Interior will be drywall.

**Electrical/**
**Heat/Cool:**
Outlets to code
with the installation of the customers supplied Ceiling Fan and exterior light fixture.

**Also Includes:** Architectural Drawings & Building Permit are included.

All aspects of installation, flashing & caulking.

Engineering by Four Seasons Sunrooms.
Repair any damage done to existing building caused by Four Seasons Sunrooms or it's contractors.
Leave area broom clean at the end of each work day.
Remove all construction debris from site at the completion of project.

**Project Notes:**

Prepared for Tom & Erica Crock by
Owner

Options

*Project Notes:* | Change to a straight cave model 9' back height 71,000.00

230 Glass Cathedral - Original

_____son Rd. Suite L Ann Arbor, MI 48103   Tel 734-769-9700   Fax 734-769-7858



Lake Trust CU
(Brighton,MI)
4605 S.Old US Hwy23
06/20/25-03:44:41PT
517100062
Remote Deposit
<<<<<272078256>>>>



Lake Trust CU
(Brighton,MI)
4605 S.Old US Hwy23
11/10/24-12:55:14PT
431559018
Remote Deposit
<<<<<272078268>>>>>