# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

In Re:

Tammie Joy Clark,

        Debtor.

Chapter 7
Case No. 26-41512-MAR
Honorable Mark A. Randon

___

## CREDITORS' REPLY IN SUPPORT OF AMENDED MOTION TO EXTEND THE TIME TO OBJECT TO DISCHARGE AND FOR LEAVE TO FILE A TARDY OR DELAYED COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBTS AND TO DENY DISCHARGE

## INTRODUCTION

The Debtor's Response builds on the wrong facts and the wrong framework. It presumes the Creditors received timely, proper notice; the record shows they did not. Debtor relies on *Brady* and *St. George*; the controlling Sixth Circuit BAP authority for Rule 4007(c) is *In re Sheppard*, 532 B.R. 672 (B.A.P. 6th Cir. 2015), which commands liberal grant of these motions, applies the *Maughan* five-factor test, and reverses denials on facts materially weaker than these. A debtor who omits creditors from her matrix, adds them only after the § 341 meeting has concluded, and misdirects the notices she does send cannot invoke deadlines her own misconduct created.

## CORRECTION TO FACTUAL RECORD

Candor to the Court compels a correction. The Amended Motion (Doc. 21, ¶ 3) stated that all Creditors except the Kassas "received" original notice. That statement was imprecise. The accurate chronology, drawn from the docket and the Creditors' contracts (Ex. A), is this:

On February 13, 2026, the Debtor filed her petition. (Doc. 1.) She omitted the Kassa, Crock, and Van Black Creditors entirely, and scheduled the DeHerder, Masserant, and Piros Creditors at addresses none of them used—not the addresses on the operative contracts with the Debtor's businesses, and not the Creditors' homes.

- On March 12, 2026, the § 341 meeting convened. (Doc. 6.)

- On March 19, 2026—seven days after the § 341 meeting—the Debtor added the Crock Creditors.

- On April 7, 2026—twenty-six days after the § 341 meeting—the Debtor added the Kassa Creditors, at an incorrect address that remains uncorrected.

- On May 11, 2026, the § 523(c) and § 727 deadlines expired.

- On June 16, 2026, the Creditors filed their Amended Motion after locating one another, retaining counsel, and gathering their contracts and payment records.

The Debtor does not dispute this chronology in her Response. She omits it.

# ARGUMENT

## I. *Sheppard* governs and commands liberal grant.

The Debtor's Response never cites *Sheppard*. That omission is fatal. *Sheppard* reversed a bankruptcy court's denial of a Rule 4007(c) extension motion and articulated the governing policy: "Motions to Extend the Deadline for Filing should be liberally granted when the circumstances merit such a finding." 532 B.R. at 679. The Sixth Circuit "has adopted a policy of freely granting motions that allow a case to be decided on its merits, not on technicalities and missed deadlines." *Id.* at 678.

*Sheppard* also settled the analytical framework. It applied the *Maughan* five-factor test to a Rule 4007(c) motion—the same test the Debtor concedes governs post-deadline motions but treats as inapplicable here. 532 B.R. at 678–79; *see In re Ellison*, 2026 Bankr. LEXIS 1270, at \*14 n.6 (Bankr. S.D. Ohio May 20, 2026) (adopting "the more liberal standard as discussed in *Sheppard*" for Rule 4007(c) motions; distinguishing *St. George* as a Rule 4004(b) case).

*Sheppard*'s facts also mirror creditors. There, the debtor scheduled the creditor's corporate parent at a New York address rather than the creditor's known counsel handling the very dispute at issue. 532 B.R. at 675. The BAP called that conduct "suspicious," rejected constructive-notice arguments, and held: "it is clear from the record that the Creditor-Appellant did not have actual notice of the case."

*Id.* at 679, 680. Notice to a wrong address is not notice. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *Sheppard*, 532 B.R. at 679 n.2.

Our Debtor's conduct exceeds Sheppard's on every axis. She did not merely mis-address; she omitted entire Creditor households from her original matrix, added them only after the § 341 meeting had already occurred, and mis-addressed the remainder. If *Sheppard*'s facts warranted reversal. Denying this Motion would be error.

## II. Every *Maughan* factor favors the Creditors.

*Sheppard* directs application of the *Maughan* factors. *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003). Each favors extension.

- *Actual notice.* Rule 4004(a)(4) requires 28 days' notice; Rule 4007(c), 30 days'. Both run through the addresses the Debtor supplies under 11 U.S.C. § 521(a)(1). The Debtor supplied no addresses for the Kassas or Crocks until after the § 341 meeting, and wrong addresses for the rest. No Creditor received actual notice at a mailbox she checked.

- *Constructive knowledge.* Constructive knowledge presumes ordinary Rule 2002 service. When schedules omit a creditor or misstate an address, no channel of imputed knowledge exists.

- *Diligence.* Once the Creditors coordinated—an inquiry the Debtor's concealment forced upon them—they moved within roughly five weeks. That interval spans locating counsel, gathering contracts and payment records across nine Creditors and multiple households, and drafting a six-count Complaint. *Ellison* granted extension on lesser diligence where the debtor's schedules "have not proven reliably accurate for fact gathering purposes." 2026 Bankr. LEXIS 1270, at *14.

- *Prejudice.* The Debtor identifies none. Her discharge cannot enter before July 10, 2026, because the Trustee's extension keeps the case

4

open. (Doc. 16.) Granting the Creditors a parallel window adds no incremental delay. *Sheppard*, 532 B.R. at 679 ("absent a showing of severe and real harm, the balance of the equities weighs in favor of granting a short extension of time").

- *Reasonableness.* The Debtor knew each Creditor's home address; her contracts confirm it. She told each Creditor where to send money and where her workers would appear. The Creditors reasonably relied on her to schedule them accurately when she petitioned for federal relief from paying them. *Sheppard*, 532 B.R. at 680 (creditor's reliance on debtor's expected candor "entirely reasonable"; failure to notify known, represented creditor "suspicious").

Every factor cuts the same way.

**III. *In re Ellison* is on point and grants relief on weaker facts.**

Six weeks ago, in *In re Ellison*, the Southern District of Ohio granted a Rule 4007(c) extension over the debtor's objection. The court adopted *Sheppard*'s "more liberal standard," 2026 Bankr. LEXIS 1270, at *14 n.6, and found "cause" based on two considerations that map directly onto this record: (i) the "Debtor's admission . . . that her petition, schedules, and statement of financial affairs contain omissions and inaccuracies," and (ii) the "Debtor's refusal to cooperate." *Id.* at *15. Our facts are stronger. There, notices reached the creditor; here, they did not. There, schedules had "omissions and inaccuracies"; here, entire Creditor households were omitted and every address is wrong.

**IV. *Doyne* actually distinguishes for the Creditors.**

The Debtor implicitly leans on *In re Doyne*, 520 B.R. 566 (B.A.P. 6th Cir. 2014). *Doyne* affirmed denial because the creditor showed "no allegation that the Debtor engaged in any conduct which prevented the Creditor from filing a timely motion." *Id.* at 569. Its creditor blamed his own lawyer's car accident. *Id.* at 568. The panel identified "egregious conduct by an opposing party as in *In re Maughan*" as the type of conduct that warrants relief. *Id.* at 572. That fact pattern is this one.

**V. The Debtor cannot invoke deadlines against Creditors she failed to schedule.**

A debtor's discharge depends on proper scheduling. 11 U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007. The Debtor's failure at Step One infected every step downstream. Section 523(a)(3)(B) supplies an independent backstop: a debt "neither listed nor scheduled" in time to permit both a proof of claim *and* a § 523(c) request is nondischargeable per se. The Kassa and Crock Creditors have a strong claim their debts fall within § 523(a)(3)(B) regardless of this motion. Granting the requested extension consolidates the adjudication in this Court now, rather than inviting piecemeal litigation later.

The Debtor's attempt to distinguish the Trustee's extension collapses on itself. The Trustee had the docket, the § 341 transcript, and the Debtor's tax returns from day one. The Creditors—omitted or mis-addressed—had none of that. Faulting

Creditors for failing to do what the Trustee did with tools the Debtor withheld rewards concealment.

## CONCLUSION

The Debtor mis-scheduled her Creditors. She mis-noticed them. She now asks this Court to enforce, against these Creditors, deadlines her own conduct prevented from running. *Sheppard*, *Ellison*, *Maughan*, and *Mullane* forbid that result. The Creditors respectfully request that this Court grant the Amended Motion, extend the deadlines for at least sixty (60) days from entry of the order, deem the attached Complaint filed as of that date, and grant such further relief as justice requires.

**Respectfully submitted,**

 */s/   Aaron E. Silvenis*
COHEN, LERNER & RABINOVITZ, P.C.
By:    Aaron Silvenis  (P75889)
         Steven Z. Cohen (P29344)
Attorney for Plaintiff
26862 Woodward, Ste. 200
Royal Oak, MI 48067
(248) 691-2200/(248) 691-2214 Fax

Dated: August 3, 2026